# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TIMOTHY HAYES,                )<br>                                              )<br>                    Plaintiff,     )  Civil Action No. 0:07-1604-MBS-BM<br>                                              )<br>v.                                           )<br>                                              ) **REPORT AND RECOMMENDATION**<br>DEPUTY LEWIS, Marion County   )<br>Sheriff's Department;              )<br>W.T. JOHNSON, Marion County   )<br>Detention Center,                     )<br>                                              )<br>                    Defendants.   )<br>_____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a pretrial detainee being held at the Marion County Detention Center, alleges violations of his constitutional rights by the named Defendants. Specifically, Plaintiff complains about the medical care he received at the Detention Center. Plaintiff has now been released from custody, and is no longer detained at the Detention Center. See Court Document Nos. 14 and 15.

The Defendants filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., on August 10, 2007. In this motion, Defendants note that Plaintiff has not requested any injunctive relief or compensatory or monetary damages in the relief portion of his Complaint, and argue that since no appropriate request for relief has been made, they are entitled to dismissal of this case, citing to Dupree v. Lubbock County Jail, 805 F.Supp. 20, 21 (N.D.Tex. 1992) [action dismissed for failure to state a claim because no demand for judgment set forth in complaint]; Montgomery-Seth v.



1

Bureau of Prisons, No. 07-49, 2007 WL 710162 (E.D.Ken. March 7, 2007) [holding that failure to demand any form of relief justifies dismissal]; Player v. Phoenix, No. 92-401, 1992 WL 350780, at *1 (S.D.N.Y. Nov. 13, 1992) [action dismissed for failure to state claim due to the lack of demand for judgment in the amended complaint].

As the Plaintiff is proceeding pro se, a Roseboro order was issued by the Court on August 14, 2007, advising Plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific notice and instructions as set forth in the Court's Roseboro order, Plaintiff has failed to file any response to the Defendants' motion, which is now before the Court for disposition.[1]

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



Rule 12 is disfavored, Cardio-Medical Associates Ltd. v. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Based on a review of the file in this matter under the standard to be applied to the Defendants' motion to dismiss, the undersigned finds and concludes that the Defendants are entitled to dismissal of this case. As correctly noted by the Defendants, Plaintiff has failed to set forth any specific claim for relief in his Complaint, nor has he offered any argument to counter Defendants' grounds for dismissal of this action or even respond to their motion. Further, since Plaintiff is no longer housed at the Detention Center, and he has failed to request any monetary damages for any harm which he may have suffered, any grounds he may have had for declaratory and/or injunctive relief are moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; Taylors v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer mooted a request for declaratory and injunctive relief]. *Cf.* Powell v. McCormack, 395 U.S. 486, 496 (1969) ["[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."]; Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); Buie v. Jones, 717 F.2d 925, 927-929 (4th Cir. 1983); Weinstein v. Bradford, 423 U.S. 147, 149 (1975).

Whether Plaintiff's claims could survive a dispositive motion if viable or proper relief had been requested in the Complaint is at this point problematical. This Court cannot rewrite Plaintiff's pleadings to include claims for relief that were never presented, Barnett v. Hargett, 174

3



F.3d 1128 (10th Cir. 1999), nor can the Court construct Plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented," <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). Therefore, this case should be dismissed.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion be **granted**, and that this case be **dismissed.**

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 24, 2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

